IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL JAMES BAILEY          )
                           ) No. 17-264
                           )
    v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for social security disability insurance benefits and social security income. He alleged disability due to mental and physical impairments, including heart problems, a herniated disc, and mood disorder. His application was denied initially, and upon video hearing by an administrative law judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings.

**OPINION**

**I.     STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

II. **THE PARTIES' MOTIONS**

Plaintiff contends that the ALJ failed to adequately explain why some portions of two otherwise accepted medical opinions of record, both by agency medical consultants (one examining, and one non-examining), were not accepted. In particular, Plaintiff challenges the

ALJ's treatment of the physical residual functional capacity ("RFC") provided by Dr. Ahmed, and the mental RFC provided by Dr. Glover.

The first of these, Dr. Ahmed, an agency examiner, offered a physical report. Dr. Ahmed opined, inter alia, that Plaintiff could stand and walk for four hours in an eight-hour workday; Plaintiff contends that light work, as reflected in the RFC, requires an individual to walk/stand for six hours. The ALJ gave Dr. Ahmed's opinion "great weight" as generally consistent with the evidence of record. However, the ALJ found that the record, in terms of activities performed by Plaintiff, was inconsistent with the limited sit/stand abilities to which Dr. Ahmed opined.[1] Plaintiff's complaints, primarily, center around the lack of detail regarding the activities on which the ALJ focused – for example, he argues, there is evidence that Plaintiff walks, but no evidence regarding the duration or frequency of those walks. Nonetheless, the ALJ reviewed the entire record, including the medical findings, and Plaintiff's activities. Accordingly, he arrived at an RFC of light work with additional limitations. Here, the ALJ explained his conclusions regarding Dr. Ahmed, and applicable standards preclude this Court from re-weighing the evidence.

As regards Dr. Glover, however, I reach a similar conclusion. The ALJ noted that Dr. Glover opined that Plaintiff was moderately limited, inter alia, in his ability to maintain regular attendance, be punctual within customary tolerances, and complete a normal workday and workweek without interruptions from psychologically-based symptoms. The ALJ gave Dr. Glover's opinion "some weight." In so doing, the ALJ found Plaintiff more limited, based on other mental health records, than indicated by Dr. Glover. In some respects, it is apparent that

---

[1] Other Courts have endorsed the idea that the ability to sit and stand for only four hours is not necessarily inconsistent with light work. Cf., e.g., Trzeciak v. Colvin, No. 15-6333, 2016 U.S. Dist. LEXIS 123666, at **30-32 (D.N.J. Sep. 12, 2016) ("According to [Plaintiff], any job title that the DOT classifies as light work requires that a person be able to stand and/or walk for six hours. This argument is meritless.").

the RFC accounts for greater limitations than those to which Dr. Glover opined – for example, Dr. Glover noted only moderate limitations in interacting with the general public, and the RFC limited Plaintiff to no work-related interaction with the public. The RFC, however, does not address Dr. Glover's opinions regarding attendance and punctuality. At the hearing, the vocational expert ("VE") testimony indicated that such issues could be dispositive of the availability of work, and thus disability.

Defendant points to several aspects of the record that could support the ALJ's approach to Dr. Glover's opinion. For example, Dr. Glover concluded that Plaintiff was "able to meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from his impairment." Defendant further notes that functional domain ratings do not necessarily translate to work-related functional limitations in an RFC. Moreover, as Defendant contends, an RFC need not necessarily include each and every moderate limitation supported by the record. However, "it is impermissible for the court to supply its own reasons to support an ALJ's decision; the court must limit its analysis to the explanations actually provided for in his decision. … Thus, the court shall not consider the Commissioner's assertions, which the ALJ did not advance in his decision." Plank v. Colvin, No. 12-4144, 2013 U.S. Dist. LEXIS 172667, at *19 (E.D. Pa. Dec. 6, 2013).

The ALJ's mental RFC, and the conclusions on which it is based, might well be appropriate and supportable. It is not clear, however, whether or to what extent the ALJ considered all of the moderate limitations identified in Dr. Glover's opinion, particularly in light of his conclusion that Plaintiff was more limited than Dr. Glover indicated. It is axiomatic that an ALJ's opinion must be sufficient for a reviewing court to consider whether relevant evidence was considered, and, if it was rejected, the reasons therefor. Presently, this Court is unable to

meaningfully assess the grounds for the mental RFC, and remand is warranted.  To the extent that remand necessitates further VE testimony, of course, the ALJ may conduct appropriate proceedings.

## CONCLUSION

In conclusion, this matter will be remanded for further explanation, or consideration, of Dr. Glover's opinions regarding limitations on Plaintiff's ability to maintain regular attendance, be punctual within customary tolerances, and complete a normal workday and workweek without interruptions from psychologically-based symptoms.  The ALJ may conduct further proceedings as necessary.  An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: October 4, 2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL JAMES BAILEY ) 
) No. 17-264
)
   v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY

## ORDER

AND NOW, this 4th day of October, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

_/s/ Donetta W. Ambrose_
_____

Donetta W. Ambrose

Senior Judge, U.S. District Court